This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        NO. 29,475

**RICARDO LOPEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**ROBERT M. SCHWARTZ, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Lisa A. Torraco
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant Ricardo Lopez appeals his convictions for driving under the

influence of intoxicating liquor and reckless driving. On July 10, 2009, this Court issued a notice of proposed summary disposition proposing to affirm. On September 8, 2009, Defendant filed a memorandum in opposition to proposed summary affirmance, which we have given due consideration. We affirm.

Defendant's memorandum in opposition argues that the metropolitan court erred in denying his motion for continuance on May 23, 2007, the date the trial began. We review a grant or denial of a motion for a continuance for abuse of discretion. *State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20. In affirming the metropolitan court, the district court analyzed the denial of a continuance under *Torres*, which concerned a district court case. Defendant points out that there is a specific rule for metropolitan courts stating that "[c]ontinuances shall be granted for good cause shown at any stage of the proceedings." Rule 7-601(A) NMRA. [MIO 8] He argues that analysis under *Torres* was inappropriate as that case concerns denial of a continuance in district court, and there is no equivalent to Rule 7-601(A) in the district court rules. [Id.]

One of the *Torres* factors requires consideration of "the likelihood that a delay would accomplish the movant's objectives." *Torres*, 1999-NMSC-010, ¶ 10. We understand this factor to incorporate the question of whether good cause for a

continuance existed. In its on-record review of the metropolitan court decision, the district court considered the *Torres* factors in analyzing whether a continuance should have been granted on May 23, 2007. [RP 152-53] Among other things, the district court noted that the booking purportedly depicted in the video had occurred more than three hours after the traffic stop and nearly two-and-a-half hours after the breath alcohol testing and that its value was thus likely to be marginal. [Id.] The metropolitan court had explicitly found that a video of Defendant's appearance and behavior while being booked into jail would have marginal relevance on the issue of impairment while driving earlier. [RP 85] The district court also noted that Defendant had previously been granted a continuance on the trial date of May 8, 2007, due to discovery issues. The metropolitan court, in rescheduling the trial for May 23, 2007, had informed Defendant that there would be no more continuances. [RP 149, 153] Nonetheless, the metropolitan court recessed the trial from May 23, 2007, until June 21, 2007, to allow Defendant additional time to access the video. [RP 150]

The metropolitan court's approach to Defendant's motion allowed the court both to timely commence the trial and to make a more informed decision, after seeing the State's evidence, on whether additional time could possibly benefit Defendant. After the recess, it was reasonable for the court to conclude, in the absence of

evidence to the contrary, that further efforts to access the video were not likely to be productive. Thus, whatever good cause might have existed for a continuance on May 23, 2007, when the trial commenced, no longer existed on June 21, 2007, when the trial resumed. In these circumstances, the court could reasonably conclude that good cause did not exist for further continuances.

Defendant also argues in his memorandum in opposition that the district court erred in applying a "reasonable probability" standard for evaluating prejudice to him rather than a "reasonable possibility" standard. He cites *State v. Barr*, 2009-NMSC-024, ¶ 53, 146 N.M. 301, 210 P.3d 198, for the proposition that the district court should have applied the "reasonable possibility" standard.

Defendant misconstrues *Barr.* In that case, our Supreme Court clarified that a reviewing court should conclude that an error of non-constitutional magnitude is harmless only when there is no "reasonable probability" that the error affected the verdict. *Id.* For an error of constitutional magnitude, a reviewing court should conclude the error was harmless only if there was no "reasonable possibility" that it affected the verdict. *Id.* Application of these standards presupposes that error has been established. In the present case, the metropolitan court's denial of a continuance did not constitute error, and thus the standards discussed in *Barr* are not implicated.

Accordingly, we affirm the district court on this issue.

Regarding the other issues Defendant raised in his docketing statement, we incorporate by reference and adopt the analyses set forth in our notice of proposed summary disposition.  We affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**ROBERT E. ROBLES, Judge**